IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY R. URBAN,

                       Plaintiff,                          OPINION & ORDER

   v.

                                                                          14-cv-275-jdp

DIANE M. FREMGEN,

                       Defendant.

---

     On July 15, 2014, I issued an opinion and order denying plaintiff Gregory R. Urban leave to proceed on his claim that defendant Diane M. Fremgen, the clerk of the Wisconsin Supreme Court, violated his due process rights. Plaintiff has moved for reconsideration.

     In his original complaint, plaintiff alleged that he submitted a petition for review to the Wisconsin Supreme Court, but Fremgen violated his right to due process by causing his petition to be late, thus causing its dismissal by the court as untimely. In the July 15 order, I discussed his allegations and considered whether there was any arguable basis in law or fact for finding that the allegations stated actionable claims. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). I concluded that plaintiff's claims were precluded by the *Rooker-Feldman* doctrine and dismissed the case.

     In his motion for reconsideration, plaintiff explains that he wanted to sue Fremgen for making his petition untimely by intentionally waiting to retrieve it from the mail. For support, plaintiff states that although his petition took four days to arrive at the court, he received mail from the court in only one day. He also implores this court to note how long this motion took to arrive. It also took four days. Beyond questioning the timing of the postal service, plaintiff does not provide any evidence that Fremgen "chose to not pick up the mail." It is not clear that picking up the mail is even Fremgen's responsibility as the clerk of the court.

However, the main problem with plaintiff's claim is not his lack of evidence. The problem is that plaintiff asks me to either order the Wisconsin Supreme Court to accept his petition or review the underlying state court decision that he was attempting to appeal. Dkt. 1. It is not within my power to do either. *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). His reasons for requesting the relief are irrelevant. Because the Wisconsin Supreme Court made a final determination that the petition was untimely and dismissed it, I do not have jurisdiction to revisit the issue. Therefore, his claim cannot proceed in this court.

ORDER

IT IS ORDERED that plaintiff Gregory R. Urban's motion for reconsideration of the order entered July 15, 2014, denying him leave to proceed and dismissing this case, Dkt. 7, is DENIED.

Entered this 29th day of October, 2014.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge